| | |
|---|---|
| 1 | JOSEPH P. RUSSONIELLO (CABN 44332)<br>United States Attorney |
| 2 | |
| 3 | BRIAN J. STRETCH (CABN 163973)<br>Chief, Criminal Division |
| 4 | JOSHUA HILL (CABN 250842)<br>Assistant United States Attorney |
| 5 | |
| 6 | 1301 Clay Street, Suite 340-S<br>Oakland, California 94612 |
| 7 | Telephone:  (510) 637-3740<br>Facsimile:   (510) 637-3724<br>E-Mail:       Joshua.Hill2@usdoj.gov |
| 8 | |
| 9 | Attorneys for Plaintiff |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR-09-0527 DLJ (NV) |
| Plaintiff, | ) ) | **[PROPOSED] ORDER OF DETENTION**<br>**OF DEFENDANT VINCENT HUNTER** |
| v. | ) ) | |
| VINCENT HUNTER, | ) ) | |
| Defendant. | ) ) | |

The defendant came before this Court on November 13, 2009 for a detention hearing. The defendant was present and represented by attorney Geri Green. Assistant United States Attorney Joshua Hill represented the United States.

The government requested detention, submitting that no condition or combination of conditions would reasonably assure the appearance of the defendant, as required, and the safety of any other person and the community.

Pretrial Services submitted a report recommending detention.

Upon consideration of the Pretrial Services report, the court file and the party proffers as discussed below, the Court also finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the

community, and by a preponderance of the evidence that no condition or combination of conditions would reasonably assure the appearance of the defendant. The Court orders the defendant detained.

The present order supplements the Court's findings at the detention hearing and serves as a written findings of fact and statement of reasons as required by 18 U.S.C. § 3142(I).

The Bail Reform Act of 1984, 18 U.S.C. §§ 3141-50, sets forth the factors the Court must consider in determining whether pretrial detention is warranted. In coming to its decision, the Court has considered those factors, paraphrased below:

(1) the nature and seriousness of the offense charged;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person including, among other considerations, employment, past conduct and criminal history, and records of court appearances; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

In considering all of the facts and proffers presented at the hearing, the Court finds the following factors among the most compelling in reaching its conclusion:

First, the pretrial services report documents the defendant's criminal history and shows that the defendant has been involved with the criminal justice system for nearly 25 years, including at least five felony convictions;

Second, the defendant has been arrested for murder and rape, both crimes of violence;

Third, the pretrial services report documents that the defendant has at least 15 failures to appear in state court; and

Fourth, the pretrial services report documents that the defendant's has had at least 21 state probation revocations.

These factors, among others adduced at the hearing, clearly and convincingly demonstrate that if released the defendant would be a danger to the community and a flight risk.

CR 09-0527-DLJ

[Proposed] Detention Order                -2-

1   Accordingly, pursuant to 18 U.S.C. § 3142(I), IT IS ORDERED THAT:

2   (1) the defendant is committed to the custody of the Attorney General for confinement in
3   a corrections facility;

4   (2) the defendant be afforded reasonable opportunity for private consultation with his
5   counsel; and

6   (3) on order of a court of the United States or on request of an attorney for the
7   government, the person in charge of the corrections facility in which the defendant is confined
8   shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any
9   appearance in connection with a court proceeding.

10   This order is made without prejudice to the defendant's making a further showing
11   regarding detention in the future, should new information become available.

13   Dated: November 17, 2009

_____
NANDOR J. VADAS
United States Magistrate Judge

CR 09-0527-DLJ

[Proposed] Detention Order                -3-