```
United States of America,      )
                               )
          Plaintiff,           )
                               )
     v.                        )
                               )   No. CR-09-0527 DLJ
Vincent Hunter,                )
                               )   ORDER Re: Resentencing
          Defendant.           )
_____)
```

On January 15, 2010, defendant Vincent Hunter was convicted after a jury trial of one count of being a felon in possession of a firearm and ammunition, in violation of Title 18, United States Code, Section 922(g)(1), and one count of possessing cocaine base, in violation of Title 18, United States Code, Section 844(a). Hunter appealed his sentencing. The Court of Appeals remanded the case to this Court with instructions to this Court to "more explicitly articulate its reasoning for applying a 4-level sentencing enhancement" on Count One and to correct the sentence on Count Two. United States v. Hunter, 2011 WL 1930424 (9th Cir. May 20, 2011).

The Court held a hearing on the matter of resentencing on September 30, 2011. Attorney Geri Greene appeared on behalf of defendant and the government was represented by Assistant United States Attorney Joshua Hill. Having considered the papers and the argument in this matter, the Court found the following.

I.  Count Two, Possession of Cocaine

On Count Two of the Indictment, the jury found Hunter guilty of possession of cocaine in violation of 21 U.S.C. § 844(a). The Court had sentenced Hunter to a term of 36 months' imprisonment on Count Two. Generally, based on the amount of cocaine involved, the maximum penalty for this conviction would be a sentence of 12 months. A defendant convicted of a drug offense under 21 U.S.C. § 844(a) may be subject to an enhanced sentence if he has prior convictions for felony drug offenses. At the sentencing, this Court found that an enhanced sentence was appropriate given defendant's prior convictions.

However, for the Court to have enhanced the sentence, the prosecution must first have met the procedural requirement of filing an information stating in writing the previous conviction or convictions upon which it intended to rely in seeking the enhancement. See 21 U.S.C. § 851; United States v. Hamilton, 208 F.3d 1165, 1168 (9th Cir. 2000)(filing of an information is mandatory for an enhanced information). The prosecution had not done so in this case and therefore the enhanced sentence was not in fact available to the Court to impose. Therefore, the maximum penalty for Count Two is 12 months of imprisonment, and that is the sentence the Court now imposes on Count Two of the Indictment.

II.  The Four Level Enhancement on Count One.

The jury also found Hunter guilty of a violation of 18 U.S.C. § 944(g), possession of a firearm or ammunition by a felon. In sentencing Hunter originally, this Court found that

2

the four-level enhancement found in U.S.S.G. § 2K2.1(b)(6) applied as the "the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense." The Ninth Circuit remanded this issue for the Court to articulate in greater detail the basis for its finding that the enhancement was appropriate.

Upon remand this Court focuses on two issues: whether the gun was used in the possession of a felony offense, and also whether the possession of the gun "emboldened" the cocaine possession. The amount of cocaine at issue was 0.29 grams. As noted above, in the original sentence, Hunter's drug possession would, with enhancement, have been a felony under federal law. Without enhancement, such is no longer the case. The Court then looks to whether the cocaine possession would constitute a felony under California State law. Under California law, possession of 0.29 grams of cocaine, whether it is possessed for sale or for personal use, could be punished either as a misdemeanor or as a felony[1]. On the record it appears that the defendant possessed this cocaine for personal use.

The Court then looks to see whether the possession of the gun "had some potentially emboldening role in . . . a defendant's felonious conduct" as required in the Ninth Circuit. <u>United States v. Gonzales</u>, 506 F.3d 940, 947(9th Cir.

---

[1] The range of punishment rather than the actual punishment imposed is the standard the Court should consider. Nonetheless, as a practical matter, the Court finds it unlikely that a conviction in the California State Court of 0.29 grams of cocaine would have resulted in a state sentence in excess of 12 months.

3

2007)(citing <u>United States v. Routan</u>, 25 F.3d 815, 819 (9th Cir. 1994)). As noted above, at the time of his arrest in this case Hunter possessed only a small amount of cocaine base, specifically, 0.29 grams.

While the possession of the gun may have emboldened whatever other uncharged enterprises defendant was engaging in late at night in Oakland, but after reviewing the record again in its entirety, the Court finds the government has not met its burden to prove that the gun possession in this case specifically emboldened the possession by the defendant of the 0.29 grams of cocaine.

The Court has recalculated the applicable guideline in this case and finds that the appropriate sentence on Count One is a sentence of 42 months of imprisonment.

IT IS SO ORDERED.

Dated: October 11, 2011

_____
D. Lowell Jensen
United States District Judge